FILED

2015 DEC 30 PM 2:12

TH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA GASPAR DE ALPIZAR,<br>Plaintiff,<br>v.<br>ANTONIA LOPEZ, et al.,<br>Defendants. | Case No.: 15CV2398 BEN (BGS)<br>**ORDER:**<br>**(1) GRANTING MOTION TO FILE AN AMENDED NOTICE OF REMOVAL and**<br>**(2) GRANTING MOTION TO REMAND**<br>[Docket Nos. 2, 6] |

Plaintiff Victoria Gaspar De Alpizar has filed a Motion to Remand this action to state court. (Docket No. 2.) Defendants Jose De Jesus Alpinzar and Antonio Lopez have filed a Motion for Leave to File an Amended Notice of Removal. (Docket No. 6.) For the reasons set forth below both motions are **GRANTED**.

## BACKGROUND

The procedural history of litigation between these parties concerning the property at 255 Asilado Street includes multiple state court actions and bankruptcy proceedings and is well summarized in the Settlement Agreement attached to Plaintiff's state court

unlawful detainer complaint. The unlawful detainer complaint alleges that, pursuant to the Settlement Agreement, Defendants were required to vacate the property, but have remained in the property. Plaintiff demands possession of the property and rent owed for Defendants' continued possession of the property beyond the date the parties agreed it would be vacated in the Settlement Agreement. The state court complaint also asserts that the amount demanded in the case is less than $10,000.

## DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994) ("[N]either an affirmative defense based on federal law ... nor one based on federal preemption ... renders an action brought in state court removable.").

**I.     Federal Question**

Here, Defendants initial Notice of Removal asserted this Court had jurisdiction based on federal question, removing under 28 U.S.C. 1441(a), and claiming California's unlawful detainer proceedings violate the United States Constitution. However, [f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). "A federal law defense to a state-law claim does not confer jurisdiction

on a federal court." *Id.* Unlawful detainer actions, the claim asserted in Plaintiff's complaint, arise under state law. No federal claim is presented on the face of the complaint. And, even if Defendants' assertion that the unlawful detainer statutes violate the United States Constitution had merit, it would only be a federal defense. Defendants have not established this Court has jurisdiction based on federal question.

## II.   Motion for Leave to Amend the Notice of Removal

In Opposition to the Motion to Remand and in Defendants' Motion for Leave to Amend the Notice of Removal, Defendants argue the Court has jurisdiction based on diversity under 28 U.S.C. § 1332(a)(2). The Motion for Leave to Amend the Notice of Removal seeks to add allegations that Defendants are citizens of Mexico. Because a defective removal notice may be amended to cure a defect the Court **GRANTS** the Motion to Amend the Notice of Removal. *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 970-71 (9th Cir. 2002) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1988)).[1]

## III.   Diversity

Defendants assert this Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because Defendants are citizens of Mexico and the amount in controversy exceeds $75,000. The Court need not consider whether diversity of citizenship exists[2] because the amount in

---

[1] Although Defendants' formal motion seeking leave to amend the Notice of Removal was filed outside the 30 days permitted by 28 U.S.C. § 1446(b) for removing, which some court have found untimely, Defendants' Opposition to the Motion to Remand may also be construed as an amendment to the Notice of Removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (approving district court construing opposition to motion to remand as amendment of deficient notice of removal).

[2] Defendants assert, without declaration or affidavit in support, that Defendants are citizens of Mexico. Assuming the Court accepted this unsupported assertion, Defendants still fail to address whether Defendants "are lawfully admitted for permanent residence in the United States and are domiciled in the same State." § 1332(a)(2). The question arises because Defendants' acknowledge that Defendants have a residence in California. If Defendants are lawfully admitted for permanent residence in the United States, under § 1332(a)(2), this Court would lack jurisdiction. § 1332(a)(2) ("[T]he district courts shall not have original jurisdiction under this subsection of an action between citizens of a state and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.").

controversy does not exceed $75,000. Defendants argue that the value of the property is the amount in controversy. The Court may consider the value of property in calculating the amount in controversy when the property is the subject of the litigation. However, here, the property is not the subject of the litigation. "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing L.P. v. Villegas*, 2011 WL 204322, *2 (N.D. Cal. Jan. 21, 2011) (relying on *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (2nd Dist. 1977)). The unlawful detainer complaint seeks less the $10,000 and Defendants have failed to establish that the amount in controversy is any more than $10,000.

## CONCLUSION

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego County Superior Court. The Court declines to award attorneys' fees to Plaintiff.

**IT IS SO ORDERED.**

DATED: 12/30/15

Hon. Roger T. Benitez
United States District Court