UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA GASPAR DE ALPIZAR,<br><br>                                       Plaintiff,<br><br>v.<br><br>ANTONIA LOPEZ, et al.,<br><br>                                       Defendants. | Case No.: 15CV2398 BEN (BGS)<br><br>**ORDER DENYING EX PARTE MOTION TO VACATE REMAND**<br><br>[Docket Nos. 14] |

This unlawful detainer action was remanded to state court on December 30, 2016. (Docket No. 10.) On February 17, 2016, Defendants Jose De Jesus Alpinzar and Antonio Lopez filed an "Amended Notice of Removal." (Docket Nos. 11.) On February 18, 2016, Defendants filed an "Ex Parte Motion to Rescind and/or Vacate Remand on the Basis of Amended Notice of Removal and Declaration of Donald Beury." (Docket No. 14.) Plaintiff Victoria Gaspar de Alpizar filed an Opposition and Defendants filed a Reply. (Docket Nos. 15-16.) For the reasons set forth below, the Ex Parte Motion is **DENIED**.

## BACKGROUND

The Court's December 30, 2015 Order ruled on two motions then pending before the Court: (1) Plaintiff's Motion to Remand, (Docket No. 2), and (2) Defendants'

1

1  "Motion for Defendants Leave to File Amended Removal Complaint." (Docket No. 6.)

2      The Court construed Defendants' Motion as a request for leave to file the proposed
3  amended notice of removal attached to the Motion as Exhibit A.[1]  The Motion sought
4  leave to allege that Defendants were citizens of Mexico for purposes of alleging diversity
5  jurisdiction.  The proposed amended notice of removal alleged Defendants were citizens
6  of Mexico. (Ex. A at 4.)  Defendants also argued they were citizens of Mexico in
7  opposition to Plaintiff's Motion to Remand.  The Court granted leave to file the amended
8  notice of removal, considered the proposed amended removal notice attached to the
9  Motion, and found the Court still lacked diversity jurisdiction because the amount in
10  controversy was not met.

11      The Court also found the Court lacked subject matter jurisdiction based on federal
12  question because no federal question was presented on the face of the unlawful detainer
13  complaint and even if Defendants' claim that the unlawful detainer proceedings violated
14  the U.S. Constitution had merit, it would only be a federal defense which does not confer
15  subject matter jurisdiction.

## DISCUSSION

17  Although not entirely clear, it appears Defendants are requesting the Court vacate
18  its prior remand Order because Defendants have filed an amended notice of removal.
19  The Court declines to do so for a number of reasons.

20      First, Defendants cite no authority for the Court to vacate its prior Order.  The
21  Court found it lacked subject matter jurisdiction of a removed action after considering the
22  Notice of Removal, the proposed amended notice of removal, and Defendants' arguments

---

[1] The Court did not give Defendants leave to file an amended notice of removal at some future and undetermined point in time.  The Court also notes that Defendants' Ex Parte Motion fails to explain why they waited 49 days to file an amended notice of removal they apparently, and incorrectly, thought the Court authorized them to file in its December 30, 2015 Order.  The Court suspects Defendants' timing is attributable to the trial date in the state proceedings and is another attempt to delay those proceedings.

in Opposition to the Motion to Remand.  Based on that analysis as well as Plaintiff's briefing on the Motion to Remand, the Court remanded the action to state court.  The Court has not been provided any reason or any authority for vacating that decision.

Second, the Amended Notice of Removal filed on February 17, 2016, the third removal notice the Court has reviewed in this action, still fails to allege a basis for subject matter jurisdiction.  As the Court explained in its December 30, 2015 Order, even if the allegations as to citizenship satisfied diversity, the amount in controversy does not exceed $75,000.  Defendants again assert that the value of the property is the amount in controversy, but as the Court previously ruled, the property is not the subject of the litigation.  "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."  *Litton Loan Servicing L.P. v. Villegas*, 2011 WL 204322, *2 (N.D. Cal. Jan. 21, 2011) (relying on *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (2nd Dist. 1977)).  The unlawful detainer complaint seeks less the $10,000, well below the $75,000 threshold necessary for diversity jurisdiction.

## CONCLUSION

The Ex Parte Motion to Vacate the Court's Remand Order is **DENIED**.  To the extent this Motion constituted an attempt to seek leave to file an additional notice of removal, that request is also **DENIED**.  This action remains before the state court.

**IT IS SO ORDERED.**

Dated:  February 23, 2016

*[signature]*
Hon. Roger T. Benitez
United States District Judge